IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KIMBERLY A. BURNEY, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 07-6085-MO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOSMAN, J.,**

      Plaintiff Kimberly Burney ("Burney") challenges the Commissioner's decision finding her not disabled and denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. §§ 405(g) and 1313(c). For the following reasons, the Commissioner's decision is AFFIRMED.

      I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

///

## THE ALJ'S FINDINGS

The Administrative Law Judge ("ALJ") made his decision based upon a five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987); 20 C.F.R. §§ 404.920 (a), 416.920(a).

The ALJ found Ms. Burney's chronic otis media (status post-tympanomastoidectomy), moderate depressive disorder, and attention deficit hyperactivity disorder "severe" at step two in the sequential proceedings. Tr. 17. The ALJ found that these impairments did not meet or equal a disorder "listed" in the Commissioner's regulations, and assessed Ms. Burney's residual functional capacity ("RFC"):

> [T]he claimant has a residual functional capacity without exertional limitations. She should not work where sustained verbal communication is required, or where auditory acuity is critical. She should avoid all exposure to noise. She can perform very short and simple instructions and should have no public contact.

Tr. 17. The ALJ found that this RFC allowed Ms. Burney to perform work existing in the national economy and therefore found Ms. Burney not disabled. Tr. 20-21.

## ANALYSIS

Ms. Burney challenges the ALJ's assessment of her testimony and that of a lay witness, the ALJ's analysis of the opinions of two examining psychologists, and his conclusion that she retains the RFC to perform work existing in the national economy.

**I.      Medical Source Statements**

Ms. Burney challenges the ALJ's assessment of two examining psychologists, Drs. Greenough and Wahl, regarding her mood disorders. Ms. Burney does not challenge their opinions regarding her alleged reading and mathematics difficulties, and these findings will not be addressed.

PAGE 2 - OPINION AND ORDER

### A.  Dr. Greenough

Dr. Greenough evaluated Ms. Burney on April 20, 2004. Tr. 183-90. Dr. Greenough assessed a mathematics and reading disorder, recurrent moderate major depressive disorder, and additional "rule out" diagnoses of attention deficit and personality disorders. Tr. 187.

#### a.  Subjective Reports

Ms. Burney alleges that the ALJ incorrectly rejected Dr. Greenough's report because it was based upon her own subjective complaints. Pl.'s Opening Br. 18. The ALJ noted that Dr. Greenough "apparently relied on subjective complaints (exhibit 4F5-6) [tr. 187-88]; there did not seem to be a mental status test. The claimant's objective clinical test results are noted and taken into account, of course, but this report is not particularly helpful otherwise." Tr. 18.

The ALJ may reject a physician opinion predicated upon subjective statements of a claimant found not credible. *Edlund v. Massinari*, 253 F.3d 1152, 1157 (9th Cir. 2001), *Tonapetyan v. Halter*, 242 F3d 1144, 1149 (9th Cir 2001). The Ninth Circuit recently found an ALJ's application of this reasoning improper where an examining psychologist made additional objective observations of a claimant. *Ryan v. Astrue*, __ F.3d __ (9th Cir. 2008) (June 18, 2008) (available at 2008 WL 2440560 at *4). Dicta in *Ryan* implies that the ALJ's doubt regarding the claimant's overall credibility is insufficient to reject physician opinions based upon objective observations. *Id.* This reasoning is distinguishable from the present case because the ALJ here accepted Dr. Greenough's uncontradicted limitations based upon clinical observation and testing. While the ALJ commented on Dr. Greenough's reliance upon Ms. Burney's subjective complaints, the ALJ did not reject Dr. Greenough's entire opinion based upon Ms. Burney's credibility. This argument fails.

///

PAGE 3 - OPINION AND ORDER

### b.    Dr. Greenough's Work Restrictions

Ms. Burney also claims the ALJ erroneously rejected Dr. Greenough's opinion that Ms. Burney must "resolve some of [her] emotional problems before she will be successful in competitive employment."  Pl.'s Opening Br. 18 (citing tr. 187).  Disability opinions are reserved for the Commissioner.  20 C.F.R. §§ 404.1527(e), 416.927(e).  The ALJ was not obliged to accept Dr. Greenough's speculation that Ms. Burney's cannot work.  Dr. Greenough furthermore did not explain how Ms. Burney's emotional difficulties would interfere with her ability to sustain employment.  Tr. 187.  The ALJ need not accept physician opinions unsupported by the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  For these reasons, the ALJ's omission of Dr. Greenough's workplace statement is inconsequential.

The ALJ provided adequate explanation for accepting Dr. Greenough's findings regarding Ms. Burney's depressive and attention deficit disorders and concurrently rejecting Dr. Greenough's additional limitations.

### B.    Dr. Wahl

Dr. Wahl examined Ms. Burney on August 1, 2006.  Tr. 305-11.  Dr. Wahl assessed recurrent moderate major depressive disorder and attention deficit hyperactivity disorder.  Tr. 308.  Dr. Wahl concluded that Ms. Burney's "chronic moderate depressive disorder would make it difficult for her to respond appropriately to criticism from supervisors as she is apt to interpret such criticism as evidence of her inadequacy and unworthiness."  Tr. 309.  The ALJ found this statement "a bit speculative and not adequately shown."  Tr. 19.

Ms. Burney asserts that the ALJ erroneously assessed Dr. Wahl's conclusion that her chronic moderate depression would make it difficult for her to respond appropriately to criticism from

PAGE 4 - OPINION AND ORDER

supervisors. Pl.'s Opening Br. 16.

Dr. Wahl's report does not state that Ms. Burney reported feelings of inadequacy or that test results indicated such findings. Tr. 305-09. The ALJ's finding that Dr. Wahl's statement is "not adequately shown" is therefore based upon the record. As noted, the ALJ may reject physician opinions unsupported by clinical notes or findings. *Bayliss*, 427 F.3d at 1216. Ms. Burney does not establish error in the ALJ's analysis of Dr. Wahl's report.

## II.    Ms. Burney's Testimony

Ms. Burney submits that the ALJ relied upon an inappropriate malingering finding and consequently erroneously rejected her testimony in entirety. Pl.'s Opening Br. 19-20.

The court first notes that the ALJ's RFC restricts Ms. Burney from "sustained verbal communication," workplaces "where auditory acuity is critical," and all exposure to noise. Tr. 17. This indicates that the ALJ accepted Ms. Burney's testimony regarding her hearing difficulties. Ms. Burney's testimony regarding her auditory limitations therefore does not require further discussion.

The ALJ subsequently found Ms. Burney's statements "concerning the intensity, persistence, and limiting effects of [her] symptoms . . . not entirely credible." Tr. 17. The ALJ's support for this finding discusses Ms. Burney's mental health treatment and Ms. Burney's daily activities. Tr. 18-19. Taken together, these are acceptable reasons for questioning a claimant's credibility. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Ms. Burney now alleges that the ALJ found her not credible based upon a malingering finding. Pl.'s Opening Br. 19. The ALJ made no such finding. The ALJ's citation to Dr. Greenough's notation that Ms. Burney may have over-endorsed symptoms in mental status testing is based upon the record. Tr. 18, 186). This citation furthermore does not constitute a definitive

malingering finding. As noted, the ALJ cited additional clear and convincing reasons for finding Ms. Burney not credible. Ms. Burney's assertion is therefore without merit.

In summary, the ALJ accepted Ms. Burney's testimony regarding her hearing difficulties and gave appropriate reasons for partially rejecting her additional symptom testimony. This analysis is affirmed.

### III. Lay Witness Testimony

The Commissioner asserts that the ALJ appropriately relied upon the testimony of Ms. Burney's adoptive mother in addressing Ms. Burney's activities of daily living. Def.'s Br. 10-11. In her reply brief, Ms. Burney contends—for the first time—that the ALJ inappropriately discarded that testimony. Pl.'s Reply Br. 4-5.

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d), 404.1545(a)(3), 416.913(d), 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment, but he may reject lay testimony inconsistent with the medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Lewis*, 236 F.3d at 512.

The ALJ noted Ms. Johnson's testimony that "the claimant had memory loss, reading difficulty, and she needed some assistance with her activities. But the claimant could go out for errands, shopping, and attend family gatherings. These observations are credible to the extent they are consistent with the medical evidence." Tr. 20 (internal citations omitted). This assessment

reflects Ms. Johnson's testimony. Tr. 122-130, 152. The ALJ should have articulated specific aspects of this testimony he found inconsistent with the medical evidence. However, the record discussed above supports the ALJ's finding and this finding is based upon the correct legal standards. *Lewis*, 236 F.3d at 512. The ALJ's assessment of Ms. Johnson's testimony is therefore affirmed.

In summary, Ms. Burney fails to establish that the ALJ's RFC assessment contains reversible error. The ALJ's reliance upon this RFC assessment in questioning the vocational expert at steps four and five in the sequential proceedings was therefore appropriate. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2003). The ALJ's subsequent finding that Ms. Burney could perform work in the national economy is based upon substantial evidence and it is consequently affirmed.

## CONCLUSION

The Commissioner's decision that Ms. Burney did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this  1st  day of July, 2008.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge